Filed 7/27/26  Goldwater v. Mena CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| JASON GOLDWATER, | D085854 |
| Appellant, | (Super. Ct. No. 24HR021534C) |
| v. | |
| RAPHAEL FRANCISCO MENA, | |
| Respondent. | |
| RAPHAEL FRANCISCO MENA, | D085855 |
| Respondent, | (Super. Ct. No.24HR021474C) |
| v. | |
| JASON GOLDWATER, | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Affirmed.

Jason Goldwater, in pro. per., for Appellant.

No appearance for Respondent.

Jason Goldwater appeals from an order denying his request for a civil harassment restraining order (CHRO) protecting him from Raphael

Francisco Mena and granting Mena's request for a CHRO protecting him from Goldwater. The sole issue in this appeal is whether the trial court erred by denying Goldwater's requests for a continuance as a matter of right or for good cause, pursuant to Code of Civil Procedure section 527.6, subdivisions (o) and (p)(1), respectively.[1]

## I. PROCEDURAL BACKGROUND

The merits of the CHRO's are not at issue on appeal and so we focus on the procedural background leading up to the December 11, 2024 hearing.

Goldwater and Mena each filed competing requests for a CHRO against the other on November 8, 2024. Each asserted the other was the aggressor in an altercation that occurred on November 6, 2024. The trial court denied Goldwater's request for a temporary restraining order (TRO) and set a hearing as to both CHROs for November 26, 2024.[2] In the order denying Goldwater's request for a TRO, the court noted, "Mena already obtained a CHRO earlier today against Goldwater/Cabot. The reciprocal request should be set for hearing the same day."

Goldwater sought writ relief, asserting that the trial court should have granted his TRO as well as Mena's. On November 25, 2024, another panel of this court issued a writ directing the trial court to vacate its order denying Goldwater's request for a TRO and to issue a new order granting the TRO, pending the hearing on the competing CHRO's.

---

[1]    Further unspecified statutory references are to the Code of Civil Procedure.

[2]    We hereby take judicial notice of the Petition for Writ of Mandate and opinion issuing the writ in case No. D085139. We deny Goldwater's motion to augment the record as to Exhibits 11, 12, 15, and 16 attached to his petition for writ of mandate in case No. D085255.

2

The trial court held a hearing the next day, November 26, 2024, as planned.  The minute order notes that "both parties are not ready to proceed to hearing today."  It indicates that Goldwater made an oral challenge to the assigned judge pursuant to section 170.6, which the court granted, and that a hearing on the restraining order was set for December 6, 2024.  The associated order indicates that Mena, the restrained party, requested the continuance and that it was the "first time the restrained party has asked for more time to prepare."

The minute order from the next hearing on December 6, 2024, indicates that the court assigned the matter to Judge Timothy B. Taylor; that the parties had some discussion about whether another judge should hear the case; and that ultimately the parties were directed to report to Judge Taylor on December 11, 2024.  The associated continuance order indicates that the request to reschedule the hearing was made by the court, because the case was reassigned to another department.  The record does not contain a transcript from either the November 26 hearing or the December 6 hearing.

Also on December 6, 2024, Goldwater filed a peremptory challenge against Judge Taylor.  The motion stated that, should the peremptory challenge be denied, Goldwater would also move for disqualification under section 170.1.  The trial court denied both the peremptory challenge and the alternate challenge as to cause.

The trial court held a hearing on the CHRO's on December 11, 2024.  When the trial court inquired as to his anticipated witnesses, Goldwater requested a continuance as a matter of right pursuant to section 527.6, subdivision (o), and argued, in addition, that there was good cause for a continuance so that he could obtain necessary evidence.  He asserted that he had requested video from the incident and that Mena's counsel was "not

3

willingly providing that discovery." He also indicated that he intended to file a petition for writ of mandate concerning the disqualification motions. Mena's attorney stated that Mena was ready to proceed.

The trial court denied the request for continuance. The court stated, "this is a second continuance." Goldwater asserted that it was "not actually the second continuance" because the first one was requested by Mena's counsel. And he again asserted that there was good cause. Before the trial court could respond, Goldwater stated, "And I will not be proceeding further." Goldwater asked the reporter for a copy of the transcript, and, at that point, the transcript ends.

After hearing evidence from Mena, the trial court granted Mena's request for a CHRO and denied Goldwater's. In the written order, the trial court noted, "Further efforts were made by Goldwater to disqualify the undersigned; these are the subject of earlier orders ( e.g. ROA 18, 20 in Case No. 24HR021534C). The court concludes these were delay tactics." It stated further, "Mr. Goldwater made several statements on the record, further seeking delay, and then refused to participate further. He left Dept. 2004 before evidence started."

Goldwater filed a petition for writ of mandate (Case No. D085255) challenging the denials of the challenges to Judge Taylor and the requests for continuance, which this court summarily denied. He then filed a timely notice of appeal of the court's rulings on the CHROs.

## II. DISCUSSION

On appeal, Goldwater asserts the trial court erred in denying his requests for continuance under section 527.6, subdivisions (o) and (p)(1). We are not persuaded.

4

We review the trial court's denial of the request for a continuance as a matter of right de novo (*Ross v. Figueroa* (2006) 139 Cal.App.4th 856, 864 ["court simply lacked the discretion to deny [defendant] the continuance he requested because he was entitled to it as a matter of right"]) and review the trial court's denial of a request for continuance based on good cause for an abuse of discretion. (See *Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527 ["Trial courts generally have broad discretion in deciding whether to grant a request for a continuance."]).

The relevant portions of section 527.6 state as follows:

> "(o) The respondent shall be entitled, as a matter of course, to one continuance, for a reasonable period, to respond to the petition.

> "(p)(1) Either party may request a continuance of the hearing, which the court shall grant on a showing of good cause. The request may be made in writing before or at the hearing, or orally at the hearing. The court may also grant a continuance on its own motion."

Turning first to Goldwater's request for a continuance as a matter of right under section 527.6, subdivision (o), as the trial court noted, there had already been at least one, if not two, continuances in the case. Although the November 26 order stated that it was Mena's first request for continuance, the minute order from that hearing clearly indicates "both parties are not ready to proceed to hearing today." The absence of a duplicate order referencing the competing request for CHRO does not establish that the continuance was not also on Goldwater's behalf. Nor does it negate the fact that there had already been a continuance in the case.

In addition, on December 11, Goldwater left the hearing abruptly, before the trial court could respond or inquire further regarding his assertion that this was the first continuance that *he* had sought. By doing so and

thereby removing the trial court's ability to address the argument on the record, he both waived his right to raise that issue here and impeded his own ability to establish error on appeal. (See, e.g., *People v. Wagstaff* (2025) 111 Cal.App.5th 1207, 1220 ["A timely objection serves to alert the court and parties to the nature of the claim and objecting counsel's reasons for it, such that opposing counsel can address it and the trial court can make a fully informed ruling on an adequately developed record."]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [without a transcript or authorized substitute the evidence is conclusively presumed to support the order].) Goldwater asserts that Mena's counsel did not deny that the first request was made on Mena's behalf, but Mena's counsel never had the opportunity to do so.

Next, we note that Goldwater's arguments regarding good cause for the continuance are all aimed at his ability to obtain discovery, including testimony from an unnamed officer of the San Diego police department.[3] But Goldwater had ample time to prepare for the hearing, which did not occur for more than 30 days after the parties filed their respective requests for a CHRO. A trial court generally must hold a hearing on a section 527.6 petition within 21 days of the court's grant or denial of a temporary restraining order. (§ 527.6, subd. (g) ["Within 21 days, or, if good cause appears to the court, 25 days from the date that a petition for a temporary order is granted or denied [or from the date of the petition if there is no request for TRO], a hearing shall be held on the petition."].)

Moreover, "[t]here is no provision under section 527.6 allowing for discovery, and in any case, . . . there is insufficient time in which to conduct

---

[3]    Goldwater asserts that he does not know the name of the officer but the record indicates that there was a police report concerning the incident, and such a report would no doubt have included the officer's name.

discovery." (*Thomas v. Quintero* (2005) 126 Cal.App.4th 635, 650, fn. 11 (*Thomas*); see also section 527.6 in general [including no provisions regarding discovery].) "At the hearing, the judge shall receive any testimony that is relevant, and may make an independent inquiry. If the judge finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment." (§ 527.6, subd. (i)(1).) As noted, Goldwater had over 30 days to obtain any evidence or testimony that he wished to present.

Accordingly, we find no abuse of discretion in the trial court's denial of Goldwater's request to continue the matter for good cause. (See *Thomas*, *supra,* 126 Cal.App.4th at p. 650 [it "could arguably be an abuse of discretion if a trial court allowed discovery to go forward at a time, or in a manner, which interfered in any way with the prompt hearing on a petition under § 527.6"].)

As a final matter, we note that Goldwater cannot establish that he was prejudiced by the lack of continuance, because he simply walked out of the hearing following the adverse ruling. Thereafter, the record indicates that Mena testified and provided video evidence of the altercation. Had Goldwater stayed, he would have had the opportunity to cross-examine Mena, and to present his own testimony. While he asserted that he also wanted to present testimony from the police officer, there is nothing in the record to suggest the officer (who presumptively arrived on the scene *after* the altercation) had any further relevant information. Regardless, without participating in the hearing, we have no basis upon which to determine if Goldwater was actually prejudiced by the trial court's ruling.

## III.  DISPOSITION

The judgment is affirmed.  Respondent did not appear and therefore is not entitled to an award of costs on appeal.

KELETY, J.

WE CONCUR:

DATO, Acting P. J.

RUBIN, J.